# C. F. SOSSAMAN v. C. B. POWELL.

The heirs of a deceased person may bring a suit in reference to the homestead occupied by him, without taking out administration on his estate.

The homestead can in no event be converted to the use of creditors; it vests in the heirs with or without administration, and whether it be or be not set apart by the Chief Justice of the County Court.

Appeal from San Augustine. Tried below before Hon. A. W. O. Hicks.

Suit by appellants, who describe themselves as the "surviving widow and heirs of Charles R. Sossaman," to remove a cloud upon their title to certain lots of land upon which was the homestead of said Charles R. Sossaman. The appellee filed a general demurrer and various special exceptions to the petition, among them that there was no allegation in said petition, that there was administration on the estate of C. R. Sossaman, nor reason shown why there is none; and that there is no allegation that the Probate Court of San Augustine county, or any other Probate Court, ever set apart to the widow and children of said C. R. Sossaman the property in question as a homestead. The exceptions were sustained.

*F. B. Sexton*, for appellant.

*H. M. Kinsey*, for appellee.

HEMPHILL, CH. J. This case does not come within the rule requiring the administrator to enforce the rights of the succession and excluding the heirs from bringing suit unless under special circumstances and equities. (Patton, adm'r v. Gre-

Sossaman v. Powell.

gory, adm'r *et al.*, decided at this Term.) An administrator has but little concern with the homestead of the deceased. In no event can it be converted to the use of creditors. They have no interest in such property. The suit by an administrator is presumed to be principally for the benefit of creditors. This consideration does not hold in suits for homestead property, the creditors being in fact wholly excluded. The lands in question are community property. As a homestead they were exempted from debts during the life of the husband, at his death they are still exempt. They vest exclusively one-half in the widow and the other half in the children of the deceased. They are entitled to the whole and not such portion as may remain after paying the charges against the community.

These lands did not constitute a fund from which the debts contracted in the life-time of the husband were expected to be paid. If a homestead with its exemptions was necessary during the life of the husband, the necessity continues and becomes more potent after his death for the protection of the wife and family. The widow becoming the head of the family is as much entitled to a homestead as was her husband, and the one-half of the community lands which formed the homestead during marriage becomes her's absolutely independent of any administration or other act whatever for homestead purposes, and if there were no Statute equity would allow her to retain possession of the other half for the benefit of the minor children of the marriage as long as they remained in minority and a family, with the widow at the head of such family.

If these lands had been even the separate property of the husband, they could not have been taken for the payment of his debts. The Statute (Sec. 45, Art. 1154) requires the Chief Justice, at the next Court after the return of an inventory and list of claims, to set such property apart for the benefit of the widow and children, to be theirs absolutely if the estate

be insolvent; but if solvent, to be afterwards distributed with other portions of the estate. So that in fact the widow and heirs are the only persons who have any interest in the lands. This would have been true in relation at least to the widow's half of this community estate without the Statute; but with it, all difficulties vanish and the homestead is continued to the widow and children as it existed in the life-time of the husband. The setting it apart by the Chief Justice is not essential to their rights. It may be that the other articles exempt from execution, or the allowance in lieu thereof might not vest in the widow and children until they were selected from others and set apart, or until the allowance was paid. But the homestead is a unit clearly defined and distinct from every other portion of the estate and from every other article which is exempt from execution. It requires no act of specification to fix its identity, and therefore vests with or without administration, and whether it be or be not set apart by the Chief Justice.

We are of opinion that the suit was properly brought by the wife and minor children to remove the cloud from their title.

But if this were doubtful under the law as it formerly existed, that doubt has been removed by the Act of 26th August, 1856, supplementary to the Act of March 13th, 1848, "defining the marital rights of parties."

That Act declares in effect that it shall not be necessary for the surviving husband or wife to administer upon the community property, but he or she shall have the exclusive management, control and disposition of the same after the death of the other partner in matrimony, &c., and that he or she may sue or be sued with respect to the same. The husband departed this life nearly two months before the passage of this law, but there is not much probability of administration having been taken out prior to the passage of the Act, and if so, there would have been no necessity for administration, for by

Sossaman v. Powell.

fair construction the Act applies to community estates not administered upon at the time of the passage of the Act as well as to those arising afterwards by the death of the husband or wife subsequent to its passage.

The question as to whether this homestead must be confined to either the town or the country, or whether there may not be cases in which the cabin or house may be within the corporate limits, but the whole of the lots or lands of the homestead except that covered by the building without, and yet constitute a homestead valid in law, does not arise under the pleadings. The petition avers in one place that but a small portion of one of the tracts is within, and in others, alleges that they are all without the corporation. It does not appear whether the buildings are within or without. If without, the homestead would clearly cover the lands in controversy. If within, a question will be raised which must then be decided but which does not require an expression as the case is now presented.

There being error in the judgment ordered that the same be reversed and the cause remanded for a new trial.

Reversed and remanded.