## J. G. BELL AND ANOTHER v. SAMUEL SCHWARZ.

On the death of a connubial partner, the interest of the deceased in the community property passes to his or her heirs. The homestead property, however, remains subject to the homestead rights of the survivor; but when the survivor abandons the homestead, the heirs are entitled to partition.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

This suit was brought by J. G. Bell and W. S. Wright, the appellants, as guardians of the minor children of Horace and Lucy Cross, deceased, to recover from the appellee one-half of the community homestead of Horace and Lucy Cross, sold to appellee by Horace Cross after the death of his wife.

The only question in the case was as to the right of the survivor of a connubial partnership, there being children, at his or her own pleasure to dispose of the fee in the entire community homestead.

*Hunt & Holland*, for appellants. It has invariably been held that at the dissolution of the marriage by death of either of the parties, the survivor takes one-half of the community property, and the other half passes to the children of the marriage, or the heirs of the deceased; and that the survivor cannot, without restraint, alienate more than his own one-half of the community. This was always the Spanish law, and the statute found in Paschal's Digest, Article 4642, is but declaratory of the Spanish law. Now is it conceivable why the same rule for the protection of the minor children should not apply in the case of community homestead, as in case of community property generally? Does the mere fact of appropriating community property to homestead purposes change the fee in the property, or change its legal character and course of descent, or, in short, make it any the less community property?

If it is not still community property, what sort of property is it, and by what legal rule is it to be finally distributed?

We beg leave to refer the court to the case of Sossaman v. Powell, 21 Texas, 664, as a case in which views are expressed and legal principles enunciated, that would seem to be entirely applicable to this case.

*Benj. T. Harris*, for appellee. The homestead of a family is not governed, as other property, by the law of descent and distribution, where there is no other estate, as in this case; and on the death of either party to the connubial relation, the survivor possesses the right to dispose of the same in the exercise of paternal or maternal discretion as to what is for the best interest of the family. It may be, and often is desirable for the family to change their residence after the death of husband or wife, and the homestead and exempt articles in a majority of instances constitute the only means with which to effect such change. Was it contemplated by the framers of the Constitution, that at any sacrifice of the present and future welfare of the surviving husband or wife, and children, because they have an humble homestead, their vital interests shall not be consulted; and that the only means within their reach shall not be employed in procuring another homestead, and otherwise bettering their situation. Did they presume that the surviving father or mother would waste that which the lawmakers so jealously sought to protect, and that the father or mother would beggar and despoil their offspring, which the commonest instincts of nature prompt to foster, provide for, and elevate in the world? I contend that the theory and intention of the Constitution is to afford to the surviving husband or wife, as the head of the family, a benevolent and untrammeled immunity, for the benefit of the family within the curtilage, and dependent on the survivor for support and education. (Wilson v. Cochrane, 31 Texas, 678.) It is not subject to partition at the instance of heirs. (Hoffman v. Neuhaus, 30 Texas, 636.) It is not subject to administration

(Bassett v. Messner, 30 Texas, 610), but stands peculiarly and alone, subject only to the control and disposition of the surviving head of the family, for the benefit of the family. And the wife is not restricted in homestead rights to the homestead occupied at the decease of the husband, but the widow may select her homestead where it may please her to do so.

The right to *designate* the homestead has never been questioned. This would seem to sustain my position, that the survivor has the right of disposition, the only recognized restriction to its alienation being, that it shall not be sold except by the wife's consent while living. The survivor is presumed to be the best judge of the present necessities and future welfare of the family.

I respectfully refer to the cases of Allison v. Shilling, 27 Texas, 453, and Wright v. Hays, 34 Texas, 260, where it is held that on the death of the wife the court would decree the specific performance of a bond executed by the husband before her death, in which he obligated himself to convey the homestead—the only legal obstacle to a decree of specific performance being removed by death of the wife. The Constitution clearly contemplates that the homestead right of the wife does not survive after her death, so as to vest a homestead right in the children of the marriage. (Brewer v. Wall, 23 Texas, 589.) They cannot control the parents in the disposition of the homestead, nor assert a right therein adversely to the act of their parents (Tadlock v. Eccles, 20 Texas, 792), whether the same be separate or community property.

WALKER, J. We have repeatedly of late held that on the death of a connubial partner, the interest of the deceased goes to the heir (in community property); but where the property is a homestead, it remains subject to the homestead right of the surviving partner. But where that is abandoned, the heir is entitled to partition. The case of Wright v. Hays, 34 Texas, 260, was a case where a title bond had been given before the death of the wife, and a right vested in the vendee under the

bond, and it did not appear that the forty acres of land called for in the bond were community property.

We do not think any of the cases referred to are in conflict with the rule which this court has laid down; and the case of Sossaman *v.* Powell, 21 Texas, 664, supports the opinion we have announced.    The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.