PUTNEY v. LIVINGSTON et al. (No. 658.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1917. Rehearing Denied Feb. 15, 1917.)

COURTS ⬅472(3)—CLAIMS AGAINST DECE-DENT'S ESTATE—JURISDICTION.

Const. art. 5, § 16, gives the county court the general jurisdiction of a probate court, and Rev. St. 1911, art. 3206, provides that it shall transact all business appertaining to estates of deceased persons, while article 3457 provides that no judgment shall be rendered upon any claim for money unless first presented to executor or administrator and rejected. *Held* that, in an action against sureties and administrator of a deceased surety, and administrator of principal maker of a note, secured by a trust deed, the claim being liquidated, but not having been presented to administrator, the county court has exclusive original jurisdiction of claim against principal, in view of Rev. St. 1911, art. 1843, providing that, when the principal maker is dead, sureties may be sued alone; necessity of suit against sureties not affecting jurisdiction of county court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅472(3).]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by Morgan Livingston against W. D. Hudson and others, in which R. E. Putney intervened. From a judgment for plaintiff, intervener appeals. Reversed, and judgment rendered according to the rights of respective parties.

Clay Cooke, of Pecos, for appellant. J. W. Parker, Jno. B. Howard, and J. A. Buck, all of Pecos, for appellee.

HARPER, C. J. This suit was instituted in the district court of Reeves county, Tex., by appellee Morgan Livingston against W. D. Hudson, R. N. Couch, Mrs. Callie T. Ross, administratrix of the estate of W. L. Ross, deceased, T. H. Beauchamp, as administrator of the estate of T. F. Tucker, deceased, and the heirs of T. F. Tucker, viz. Isaac Tucker, George Tucker, A. D. Tucker, and Mrs. Mary E. Massey. By his second amended original petition, filed July 22, 1916, he alleges that July 26, 1911, T. F. Tucker, as principal, and W. D. Hudson, R. N. Couch, and W. L. Ross, as sureties, executed and delivered to him their promissory note bearing said date for $5,000, with interest at 10 per cent. per annum from date and setting forth the amount due upon said note, and that on the same date and for the purpose of securing said note the said T. F. Tucker executed to J. C. Love, trustee, a deed of trust upon certain lands described in said petition. Said petition alleges that W. L. Ross is now dead, and that Mrs. Callie T. Ross is the duly appointed administratrix of the estate of said W. L. Ross, deceased, and that T. F. Tucker is now dead, and T. H. Beauchamp is administrator of the estate of T. F. Tucker, deceased. Said petition prays judgment against all of said defendants for the amount of said note

and interest and attorney's fees, and for the foreclosure of said deed of trust lien upon said real estate. Said petition does not allege the presentation of said claim to the administrator of the said Tucker estate nor its rejection by him.

T. H. Beauchamp, the administrator de bonis non of the estate of T. F. Tucker, deceased, waived citation and entered his appearance, but filed no other pleadings.

On November 9, 1915, defendant R. N. Couch filed a first amended original answer and cross-petition, setting up, in substance, the same allegations contained in plaintiff's petition, and further alleging that R. E. Putney was claiming some right, title, or interest in the lands sought to be foreclosed on account of having filed a claim with the administrator of the said T. F. Tucker estate, and that said R. E. Putney was asserting a superior lien upon said lands by reason of filing said claim, but that said Putney's lien was in fact an inferior lien, and praying citation upon said Putney and foreclosure of said deed of trust lien set forth in plaintiff's petition, etc.

Mrs. Ross adopted the pleadings of plaintiff.

Appellant filed his petition in intervention under leave of court and answer to the cross-action of Couch, alleging, in substance, the facts set out in the agreed facts hereinafter copied, that Tucker was dead and administration pending on his estate, and that the claim sued upon had never been proved and presented to said administrator for allowance or rejected by him, and that appellant's claim had been duly presented, allowed, and approved, questioning the court's jurisdiction over said claims against and the property of said estate then in course of administration, and further alleged that the administrator of the said Tucker estate would not appear and protect appellant's rights in the property of said estate, but was colluding with defendants to force a sale of said property under said proceedings and hinder, delay, and, if possible, defeat appellant's rights, and his remedies against same as a creditor of said estate. Appellant prayed that said suit as against the estate of T. F. Tucker, deceased, and so far as it sought to subject the property of said estate to said liens, or to adjudicate priorities as between the plaintiff, defendants, and interveners, be dismissed, and that, if said lien be foreclosed, appellant's claim be first paid out of the sale of property.

The case came on for trial before the court on May 26, 1916, and judgment was rendered in favor of Morgan Livingston against the defendants W. D. Hudson, R. N. Couch, T. H. Beauchamp, administrator of the estate of T. F. Tucker, deceased, and Mrs. Callie T. Ross as administratrix of the estate of W. L. Ross, deceased, for the sum of $7,-

447.09, with 10 per cent. interest, and the foreclosure of the said deed of trust lien against all defendants, including appellant, and that order of sale issue directing the sheriff to sell said property and appropriate the proceeds to the payment of said judgment and the surplus, if any, to be paid to the defendant T. H. Beauchamp, as administrator of the estate of T. F. Tucker, deceased, and if the proceeds are insufficient to satisfy said judgment, then execution shall issue against the defendants Hudson and Couch, and that claim for the balance also may be proved in the probate court as a claim against the estate of W. L. Ross, deceased, and that no execution shall issue for such balance against the estate of Tucker and Ross, and further giving the defendants Hudson and Couch a judgment against T. H. Beauchamp, administrator of the estate of T. F. Tucker, for the amount of said judgment, but providing that no execution shall issue in favor of said sureties, and that in event the proceeds of said sale shall fail to pay said judgment, and said sureties shall pay same, the same may then be collected through the probate court of Reeves county as other claims are collected during the administration of said Tucker estate, and further ordering that any cloud upon the title of said land created by virtue of appellant's claim be forever removed.

### Findings of Fact.

First. That T. F. Tucker, the principal obligor upon the note sued upon, died on or about December 19, 1912; that April 17, 1913, W. L. Ross, one of the sureties upon said note, was appointed administrator of the estate of T. F. Tucker, deceased, by the county court of Reeves county, Tex., a court having jurisdiction of said estate; that the said W. L. Ross duly qualified on July 18, 1913, by filing and causing to be approved his oath and bond as such administrator, and on November 1, 1913, filed and caused to be approved his inventory and appraisement of the estate of said T. F. Tucker, deceased, wherein he inventoried the property described in plaintiff's petition herein, and upon which it is sought to foreclose said lien.

Second. That on March 16, 1914, and within 12 months from the appointment of the said administrator, the intervener, R. E. Putney, duly filed with the administrator his claim against the estate of T. F. Tucker, deceased, which was duly allowed by said administrator and approved by said court, and entered upon the claim docket of said court on or about July 16, 1914, said claim being approved and allowed for the amount of $1,-718.62, with interest thereon from said last-named date at the rate of 12 per cent. per annum, said claim being based upon a contract executed in the state of New Mexico, and providing for interest at the rate of 12 per cent. per annum until paid, which said rate is the legal and lawful rate of interest in the state of New Mexico, and providing for interest at the rate of 12 per cent. per annum until paid, which said rate is the legal and lawful rate of interest in said state. No part of said claim has been paid.

Third. That the said W. L. Ross, administrator of the estate of T. F. Tucker, deceased, gave due notice of his appointment as required by law.

Fourth. That the said W. L. Ross, administrator, died September 8, 1915, and that thereafter the county court of Reeves county, Tex., appointed T. H. Beauchamp administrator de bonis non of the estate of T. F. Tucker, deceased, who duly qualified as such by filing his oath and bond, and is now the duly qualified and acting administrator of the estate of T. F. Tucker, deceased; that the said estate is still pending and in the course of administration in the county court of Reeves county, Tex.

Fifth. That the claim set up and sued upon by the plaintiff herein in this suit has never been presented to the administrator, nor has same ever been presented to the county court of Reeves county, Tex., for allowance and approval as a claim against the estate of T. F. Tucker, deceased, nor have any proceedings been had thereon in the county court of Reeves county, Tex., in the matter of the said estate of T. F. Tucker, deceased.

Appellant urges three assignments of error, to the effect: (1) That the court erred in overruling the special exception to the petition, for the reason that, so far as it prays for foreclosure of deed of trust lien upon the property of the estate of Tucker, deceased, the county court of Reeves county has exclusive jurisdiction, and that there is no allegation that the claim has been proved and presented to the administrator of the estate for allowance; (2) the court erred in rendering any judgment against the estate of Tucker or the administrator fixing any indebtedness or a lien or classifying same because, the said estate being in course of administration in the county court, the latter had sole jurisdiction; (3) the court erred in rendering any judgment in the said cause against the administrator of the estate of T. F. Tucker, deceased, either upon the said debt or to foreclose said alleged lien, because the said note sued on and the said alleged lien were never presented to the administrator of the said estate of T. F. Tucker, deceased, nor allowed or approved, nor any said proceedings thereon had in the county court of Reeves county, Tex., and said county court has sole and exclusive jurisdiction over the property of said estate, and claims against same, and this court was without jurisdiction and should have dismissed the said suit so far as the estate of T. F. Tucker, deceased, is concerned.

By article 5, § 16, Constitution of Texas, the county court is given "the general jurisdiction of a probate court," and article 3206,

Revised Statutes 1911, provides that "it shall probate wills, grant letters testamentary or of administration, settle the accounts of executors and administrators, and transact all business appertaining to the estates of deceased persons, including the settlement, partition and distribution of such estates," and article 3457, R. S. 1911, provides that "no judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator, and rejected * * * in whole or in part."

This being a claim for a definite sum of money owing by Tucker during his lifetime and against his estate after his death, the county court sitting in probate, as the facts show it to have been in this case, had exclusive original jurisdiction to allow it, after the statutes regulating its proof and presentation to and approval by the administrator had been complied with (Planters' Bank v. Robertson, 86 S. W. 645; Whitmire v. Powell, 117 S. W. 433), unless the remedy provided by statute does not, because it cannot, meet all of the exigencies of the particular case because of the complicated questions arising under the facts.

Appellee urges that this is one of the cases where the plaintiff cannot, under the law and facts, get full and adequate relief in the probate court, without splitting up his claim; that therefore the district court had concurrent, if not original and final, jurisdiction to adjudicate the matters in controversy, for the reason, he says, that he could not have procured a judgment in the probate court against the sureties, Hudson, Couch, and Mrs. Ross, administratrix of the estate of W. L. Ross, deceased, one of the sureties.

The answer to this is that article 1843, R. S. 1911, provides that, when the principal maker is dead, the sureties may be sued alone, and need not present the claim to the administrator. But if the plaintiffs would hold the estate of Tucker, they must present their claim to the administrator before bringing their suit against the estate. There being no question in this case of the liability of the estate for the whole claim, and no question of the existence of the lien upon the property described, it follows that there was no necessity for suit against the administrator of the Tucker estate. At least not unless the administrator refused to allow the claim. If the powers of the county court were inadequate for any reason, the district court would have jurisdiction. Cannon v. McDaniel, 46 Tex. 303. For instance, if plaintiff's claim against the estate of Tucker had been unliquidated or uncertain, it would necessarily have to be adjudicated by the court having jurisdiction before it could be approved by the administrator and allowed by the probate court, but there is no such condition in this case. The cause of action is based upon promissory notes for definite amounts and for which deceased was primarily liable for the entire amounts.

Did the fact of death of Ross, one of the sureties, and the further fact that his estate was in course of administration, constitute a case where the probate court's power was inadequate? And would the enforcement of the statute requiring plaintiff to present his claim to the administrator of the Tucker estate before bringing suit against it require the bringing of a multiplicity of suits? Under the agreed facts in this record, there is no question of the adequacy of power in the probate court to adjudicate the plaintiff's claim and to enforce its collection to the extent of the lien and to the further extent or limit of the assets of the estate not exempt, and not, under the law, required to be applied to the payment of other claims. So, if it was necessary to sue the estate of Ross to fix the amount such estate was liable to plaintiff for, that could in no sense affect the jurisdiction or the powers of the county court to finally and fully adjudicate, allow, and order paid plaintiff's claim against the Tucker estate, and those interested in this estate, by reason of having just claims against it, such as the appellant here are entitled to have it, the probate court, finally wind up the estate, it having first taken jurisdiction.

It follows, therefore, that the appellant's exceptions to the jurisdiction of the district court should have been sustained.

For the reasons given, the judgment of the court below is reversed, and this court here renders the judgment which, under the admitted facts, should have been rendered by that court:

First. Plaintiff's suit against T. H. Beauchamp, administrator of the estate of T. F. Tucker, deceased, be, and the same is hereby, dismissed.

Second. That plaintiff take nothing against Isaac Tucker, George Tucker, A. D. Tucker, and Mrs. Mary E. Massey, heirs of T. F. Tucker, deceased.

Third. That plaintiff have and recover against W. D. Hudson, R. N. Couch, and Callie T. Ross, administratrix of the estate of W. L. Ross, deceased, the sum of $7,447.09, with interest thereon at the rate of 10 per cent. per annum from May 26, 1916, until paid.

Fourth. Proper judgment for contribution by and between Hudson, Couch, and the Ross estate.

Fifth. All relief asked by any of the parties not herein granted is refused.

Sixth. That all costs of the trial court not incurred by appellant and the Tucker estate and the Tucker heirs, or by reason of the fact of their having been made parties to the suit is taxed against defendants Hudson, Couch, and the estate of Ross, deceased, and

all other costs both of the trial court and of appeal are taxed against plaintiff, Livingston.

Reversed and rendered.