**MEYER et al. v. MEYER et al.    (No. 7903.)**

(Court of Civil Appeals of Texas.    Galveston. May 6, 1920.    Rehearing Denied May 27, 1920.)

1. **Courts** ⚎475(2, 3)—**District court without jurisdiction of widow's proceeding to determine disposition of proceeds of homestead.**

Under Const. art. 5, § 16, the district court of Harris county *held* without jurisdiction to determine the disposition of the proceeds of the sale of homestead of herself and husband, the administration of whose estate was pending in the probate court of Brazoria county.

2. **Courts** ⚎472(4) — **Jurisdiction of county court exclusive over estates of decedents.**

The jurisdiction of the county court, under Const. art. 5, § 16, in all matters pertaining to the settlement and distribution of an estate which is being administered in such court, or administration of which is necessary, is exclusive.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Laura Meyer and others against Norman A. Meyer, administrator, and others. From the judgment, defendants appeal. Reversed and rendered.

Hutcheson, Bryan & Dyess, of Houston, for appellants.

J. L. Bailey and A. C. Van Velzer, both of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellee Laura Meyer against Norman A. Meyer, administrator of the estate of F. W. Meyer, deceased, Benjamin F. Meyer, guardian of the minor children of said F. W. Meyer, and the First National Bank of Houston, to establish plaintiff's interest as surviving widow of F. W. Meyer in the proceeds of the sale, under order of the probate court of Brazoria county, of property of F. W. Meyer which was occupied by plaintiff and said Meyer as their homestead at the time of his

death; said proceeds having been placed in the custody of the bank by order of said probate court. After alleging facts showing plaintiff's interest in the proceeds of the sale by reason of her homestead rights and life estate in the property from the sale of which these proceeds were obtained, plaintiff's petition prays:

"That pending this suit the court direct the First National Bank of Houston, Tex., to invest the money on deposit from time to time, so the respective interests of the parties hereto may be conserved, in such interest-bearing securities as may be proper; that upon trial the court direct the investment of said moneys and fund in such homestead as the plaintiff may select and fix title thereto by its decree as shall be proper in equity, so as to protect the respective interest therein of each party to this suit, and to direct the use thereof as may be proper; that in case of an agreed use of said fund during the lifetime of plaintiff under bond for its forthcoming at her death to the heirs of F. W. Meyer, deceased, or in case of an agreed partition of said moneys and fund between the parties hereto, the court sanction the same and decree be entered therefor; that all equities of the parties be adjusted in the premises as to the court may appear proper; and that plaintiff recover her costs herein."

The defendants, administrator and guardian, answered by plea of privilege to be sued in the county of their residence, and also excepted and pleaded to the jurisdiction of the court on the ground that the probate court of Brazoria county, in which the administration of the estate of F. W. Meyer is pending, has exclusive original jurisdiction to determine the partition or disposition of the proceeds of the sale of property of the estate made under the order of said court. They further specially pleaded that the proceeds of the sale claimed by plaintiff should be charged with one-half of the costs of the administration of the estate of F. W. Meyer. They further protested against any portion of the fund being turned over to plaintiff on the ground that she has no property and no financial responsibility, and that—

If the money and notes, the proceeds of the sale of the former homestead, "be delivered to her and placed in her possession and under her control without any restrictions and without any manner of safeguarding the rights of these defendants and the said estates which they represent, that the said property would be disposed of and dissipated and wasted and the reversionary interest therein would be wholly lost to the said estates and the persons whom they represent."

The heirs of F. W. Meyer filed answer containing the same exceptions and pleas as the answer of the administrator and guardian. The trial court overruled the plea of privilege and the plea to the jurisdiction of the court, and upon a hearing of the case on the merits rendered a judgment providing for the investment of the money and notes in a homestead to be used jointly by the appellee Mrs. Meyer and the minors, and providing that if the parties could not agree upon such homestead then the court would appoint a trustee to make the investment, and also declined to require any part of the costs of the administration of the F. W. Meyer estate to be paid out of said money and notes. The judgment also provided that the interest accruing on the money deposited in the bank and that accruing on the vendor's lien notes should be paid to the appellee Laura Meyer, for her use in payment of house rent for the use of herself and the said minor children until the acquisition of the homestead herein provided for, from which judgment this appeal is prosecuted.

The first question we are called upon to determine is whether the trial court erred in holding that the district court of Harris county had jurisdiction of the subject-matter of this suit. The record shows that administration upon the estate of F. W. Meyer, the deceased husband of plaintiff, is pending in the probate court of Brazoria county. In this administration a tract of 353 acres of land, which was owned by F. W. Meyer and his deceased wife, Eliza M. Meyer, and on which the said Meyer and plaintiff had their homestead at the time of his death, was sold by the administrator, under order of the court, to satisfy a lien indebtedness which had been duly allowed and approved by the court. This sale, which was confirmed by the court on November 20, 1918, was for the total sum of $14,136, $6,000 of which was paid in cash and for the balance the purchaser executed ten notes for $813.60 each, payable in one, two, three, four, five, six, seven, eight, nine, and ten years, respectively, with interest at 6 per cent. per annum. On December 3, 1918, the court made and entered a supplemental order confirming the sale of said land and making the following disposition of the proceeds of said sale:

"It is ordered that one-half of the vendor's lien notes to be executed and delivered by the purchaser of said real estate shall show upon their face by indorsement that Mrs. Laura Meyer, the widow of said deceased, and Benjamin Meyer, as guardian of the minor children of said deceased, and Norman Meyer, as administrator of the estate of said deceased, are jointly interested therein, and that said widow and guardian and administrator are interested in the deed of trust to be executed and delivered by said purchaser. And said deed of trust and said one-half of said vendor's lien notes and one-half of the balance of the cash consideration paid down to complete said purchase, after the payment of the taxes due on said land and premises and after the payment of the debt due Wm. Wacker, shall be deposited with the First National Bank of Houston, Tex., in escrow for the benefit of the parties in interest as their respective interest may be adjudged."

This suit was filed in the district court of Harris county on December 11, 1918.

[1] Upon this state of the record we think it manifest that the district court of Harris county was without jurisdiction in an original proceeding brought in said court to determine the disposition of the proceeds of the sale of this homestead. Article 5, § 16, of our state Constitution, confers upon our county courts general probate jurisdiction, "including the settlement, partition and distribution of estates of deceased persons," and our statutes make it the duty of the county court, in administering the estate of a deceased person to set aside the homestead to the widow and minor children of the deceased, and if there be no homestead to make an allowance in lieu thereof out of any property or money belonging to the estate. The power or jurisdiction of the county court to make disposition of the proceeds of this sale and, if the court deems proper, to direct the reinvestment of such proceeds in another homestead for the use and benefit of the widow and minor children of the deceased, cannot be doubted.

[2] It is well settled that the jurisdiction of the county court in all matters pertaining to the settlement and distribution of an estate which is being administered in such court, or administration of which is necessary, is exclusive. McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434; Dulaney v. Walsh, 37 S. W. 615; Kennedy v. Pearson, 109 S. W. 280; Wilkinson v. McCart, 53 Tex. Civ. App. 507, 116 S. W. 400.

In the case of Kennedy v. Pearson, supra, the court, in speaking of the jurisdiction of the county court in the settlement and control of the estate of minors, says:

"The jurisdiction thus conferred is exclusive, and can be exercised by no other court in this state. To that extent, at least, it seems that the general power of assuming an equitable jurisdiction, in cases involving the estates of minors which might otherwise be inherent in the district court as a court of general equity jurisdiction, has, in this state, been vested in the county court. It must be borne in mind that this jurisdiction is explicitly conferred by the Constitution, and is not derived incidentally from the general probate powers given to the county court."

The jurisdiction of the county court in the settlement, partition, and distribution of the estates of deceased persons is conferred by the Constitution in just as explicit language as is used in regard to the estates of minors. If, however, the jurisdiction of the county court was not exclusive in this case, that court having jurisdiction of the parties and the subject-matter of this suit, its power, in the administration of the estate, to distribute and dispose of the proceeds of the sale of the homestead and to give plaintiff the relief to which she is entitled being full and complete under well-settled rules of decision, its original jurisdiction cannot be interfered with by any other court. The trial court should have sustained the plea to its jurisdiction and dismissed plaintiff's suit.

This conclusion renders unnecessary, if it does not preclude the propriety of, our passing upon the other questions presented by the appellant.

Because in our opinion the court below was without jurisdiction to hear and determine plaintiff's cause of action, the judgment is reversed and judgment here rendered dismissing plaintiff's suit.

Reversed and rendered.