**RHOADES et al. v. GAY.**

No. 11125.

Court of Civil Appeals of Texas. Dallas.
Feb. 25, 1933.

Rehearing Denied March 25, 1933.

H. M. Wade, of Rockwall, for appellants.

Wallace Hughston, of McKinney, for appellee.

BOND, Justice.

S. R. Rhoades and wife, L. J. Rhoades, owned 98½ acres of land involved in this suit as community property, and made their home thereon. S. R. Rhoades died in 1916, intestate, leaving surviving him his wife, Mrs. L. J. Rhoades, and appellants herein, his children and grandchildren. Mrs. L. J. Rhoades continued to use and occupy the said land as a home after the death of her husband, living thereon with her married son, Jesse Rhoades, until her death in 1931. There were no unmarried daughters or minor children living with her at the time of her death. J. M. Gay, who qualified as administrator of the estate of Mrs. L. J. Rhoades, brought this suit as such administrator in the district court of Collin county, to partition the land between himself, as administrator, and the children and grandchildren of S. R. Rhoades. From a judgment, partitioning the land, appellants have appealed.

Appellants contend, by appropriate assignments of error, that appellee is without authority in law to institute this suit, and that the land in controversy being the homestead of Mrs. L. J. Rhoades, deceased, it descended to and vested in her heirs, free of debt, and therefore is independent of any administration. It is unquestionably true, under our Constitution, section 52 of article 16, and articles 3485 et seq., R. S. 1925, and the decisions of our courts, that if any of the deceased's children were minors, or any of her daughters were unmarried, and that either or both were constituent members of deceased's family at the time of her death, the homestead exemptions would descend and vest in all of the heirs of such decedent, in accordance with the provisions of our statutes of descent and distribution, subject only to the rights of such minors and/or such unmarried daughters, to use and occupy it as a home, and subject only to claims authorized by our Constitution.

When S. R. Rhoades died, the homestead exemption descended to his widow, Mrs. L. J. Rhoades, and so long as she elected to use and occupy it as a homestead, it was not subject to partition among his heirs, and on account of such exemption descending to the widow, it also descended to and vested in the heirs of decedent, free of debt, not because it was exempt to the husband, who was the head of the family, but because the widow was a constituent member of the family, and is one of the constituent members to whom the Constitution and statutes authorize such exemption. When Mrs. L. J. Rhoades died, leaving surviving neither minor children nor unmarried daughters, as constituent members of her family, the homestead exemption did not descend and vest in her children, and the homestead used and occupied by her became subject to be partitioned among the heirs of herself and deceased husband, and her one-half interest in the land became liable for debts due and owing by her, and her interest therein vested in the heirs, subject to the rights of the administrator.

The law seems to be well settled in this state that property which remains and retains its homestead character after the death of the husband and wife, on account of the fact that constituent members of the family survive (minors and/or unmarried daughters) is not subject to the debts of the decedent, but where no such constituent member survives, the exemption is not privileged to the heirs, and the land becomes subject to the payment of debts, and the heirs cannot claim the property under the law of descent and distribution to the exclusion of creditors; it therefore became subject to the administration of the

estate. Hoefling et al. v. Hoefling, 106 Tex. 350, 167 S. W. 210.

One of the earliest Texas cases on this question is that of Sossaman v. Powell, 21 Tex. 664, in which Chief Justice Hemphill marked out the line, and said: "If a homestead with its exemptions was necessary during the life of the husband, the necessity continues and becomes more potent after his death for the protection of the wife and family. The widow becoming the head of the family is as much entitled to a homestead as was her husband, and the one-half of the community lands which formed the homestead during marriage becomes hers absolutely independent of any administration or other act whatever for homestead purposes, and if there were no Statute equity would allow her to retain possession of the other half for the benefit of the minor children of the marriage as long as they remained in minority and a family, with the widow at the head of such family."

In a more recent case, Wilkins v. Briggs et al., 48 Tex. Civ. App. 596, 107 S. W. 135, 139, is involved a situation very similar to this case. Spencer Briggs was possessed of a community homestead, living thereon at the time of his death with his grandson, Archie Briggs, as a constituent member of his family. An administration was sued out on his estate, and it was held that the homestead was subject to the administration. The court in that case said: "While the Constitution exempts the homestead, and other property mentioned to the family, it has left to the Legislature the right to continue such exemptions as it saw fit after the death of the head of the family. Zwernemann v. Von Rosenberg, 76 Tex. 525, 13 S. W. 485. In doing this the Legislature has used different language, and makes the exemption only in favor of certain named persons, which are the widow, minor children, and unmarried daughters of the deceased remaining with the family. The word 'family,' as used in the Constitution and statute exempting the homestead and certain other property in the lifetime of the husband or head, has a broader signification, and includes a greater variety of persons than the words 'widow and minor children and unmarried daughters remaining with the family.' Had the Legislature intended to be equally as comprehensive in its exemption after the death of the head of the family, then it would have used words sufficiently comprehensive to convey that meaning; but it has not done so. As said by our Supreme Court in Roots v. Robertson [93 Tex. 365, 55 S. W. 308], supra: 'There is no provision of the law that authorizes a court to set apart exempt property of an estate to the surviving constituents of every family to which it may have been exempt. The constituents of a family who are entitled to a homestead and other exempt property upon the death of the head, are named in the law and the Constitution.'"

In the instant case, the widow, Mrs. L. J. Rhoades, and her children, did inherit the homestead exemption on the death of S. R. Rhoades, independent of any administration on the estate of S. R. Rhoades, but on the death of the widow, no surviving husband, no minor children, no unmarried daughters were left surviving; she living with her married son, Jesse Rhoades, at the time, her heirs could not inherit her one-half interest in the homestead independent of administration.

From what we have said, based on the uniform authorities of this state, the undivided one-half interest in the land involved in this suit, which belongs to the estate of Mrs. L. J. Rhoades, is subject to administration, and as the administrator, in view of the trust imposed upon him by law, is interested in the land, it is within the purview of his authority, granted by law, to institute a suit to partition his one-half interest in the land from the interest of the claimants to the other half, so that, under proper orders of the probate court, in which the administration is pending, the land belonging to the estate might be subjected to the payment of debts of the deceased, Mrs. L. J. Rhoades, or by said court partitioned among those who might be held entitled thereto. We conclude that this case should be affirmed, and it is accordingly done.

Affirmed.

### On Motion for Rehearing.

■ Appellants seriously contend, on motion for rehearing, that the district court was without jurisdiction to partition the land involved in this suit, as an administration was then pending in the county court of Collin county, and that court had exclusive jurisdiction.

Perforce article 3290, R. S. 1921, county courts have jurisdiction to settle, partition, and distribute estates of decedents where an administration is pending, or where an administration is necessary, and, if appellee's suit was one to partition the estate of which he was the administrator, appellants' contention would be correct, as was said in the case of Meyer et al. v. Meyer et al. (Tex. Civ. App.) 223 S. W. 259, 261: "It is well settled that the jurisdiction of the county court in all matters pertaining to the settlement and distribution of an estate which is being administered in such court, or administration of which is necessary, is exclusive. [Citing authorities.]"

Only one-half of the 98½ acres, involved in this suit, was owned by the estate of which appellee was administrator, and it alone was subject to the orders of the county court, and had appellee's suit been one to partition and distribute that half, the county court would have had exclusive jurisdiction. The other half was not owned by the estate, and was not subject to the administration, there-

fore, the county court did not have jurisdiction of that half.

Appellee's partition suit being one to segregate the interest owned by the decedent's estate from the interest of the other joint owners, the district court alone had jurisdiction. Whatever disposition may be made of the interest set aside to the administrator is cognizable in the county court. Appellants' motion for rehearing is overruled.