LONGORIA et al. v. ALAMIA et al.

No. 12039.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 25, 1950.

Rehearing Denied March 1, 1950.

Oxford & Ramsour, Edinburg, for appellants.

J. F. Carl, Edinburg, for appellees.

BROETER, Justice.

This is an appeal from an order entered by the 93d District Court in and for Hidalgo County, Texas, sustaining the plea to the jurisdiction filed by appellee J. R. Alamia, temporary administrator of the estate of Luis Solis, deceased, and dismissing appellants' suit. Appellants, who were plaintiffs below, are Agustin Longoria, Eduvina Garcia and her husband, Manuel Garcia, and the suit is against J. R. Alamia, as temporary administrator, and Richard King, an individual. The suit was originally filed in the above numbered district court of Hidalgo County. No statement of facts has been filed in this Court and the nature of the case and the issues involved are clearly shown by the pleadings, which were sworn to and from which we copy the following material parts, to-wit:

"That Agustin Longoria and Eduvina Garcia are brother and sister, and that prior to January, 1931, their mother died and left an estate. That Luis Solis was duly and properly appointed Guardian of their estate and made a bond therefor. That said Guardianship was pending in the County of Willacy in Cause Number 101, in the Docket thereof, and on January 28, 1931, the County Judge of Willacy County entered an order approving the $2,300.00 to one F. E. Goodwin. That such sum of money was so loaned to the said F. E. Goodwin, and was not collected by the Guardian for many, many years thereafter, but that the said Luis Solis did finally collect said money and after paying attorneys' fees and other expenses, there was somewhere in the neighborhood of $2,900.00 or $3,000.00 cash on hand belonging to said minors, which was turned over by Luis to his friend and adviser Richard King, for safekeeping, and that Richard King now has in his possession said fund. That after the said Luis Solis turned said money over to Richard King for safekeeping, the said Luis Solis died without ever accounting to the wards for said fund. That thereafter one Jose Solis was appointed administrator of the estate of Luis Solis and the said Richard King for some reason or other paid said money over to the administrator of the estate of Luis Solis. That thereafter Luis Solis died and the money was turned over to J. R. Alamia who is now temporary administrator of the estate of Luis Solis and said funds are in his hands. That said funds are not a part of the estate of Luis Solis but that the said J. R. Alamia is threatening to misappropriate said funds and to pay them out to the heirs or creditors of Luis Solis. That said J. R. Alamia is not entitled to pay out said money nor to hold same as administrator and should be required to pay said funds to the registry of this court, or should be enjoined from disposing of these funds pending the outcome of this suit.

"That these petitioners have no adequate remedy for the protection of their rights, and of said funds and if said funds are wrongfully disposed of by J. R. Alamia and divided among the heirs of Luis Solis or paid to his creditors, it will do these plaintiffs irreparable injury. And the said J. R. Alamia and heirs of Luis Solis are wrongfully claiming the funds which belong to these plaintiffs."

Plaintiffs prayed that said J. R. Alamia be cited to appear and show cause why he should not deposit said funds in the registry of the court and why he should not be enjoined from in any manner disposing of said funds pending the outcome of the

suit, and for such temporary orders as may be necessary to preserve the property, and that J. R. Alamia be enjoined from in any manner using said funds or paying said funds out until this case can be finally disposed of. Plaintiffs further prayed for judgment for their debt and for such funds, and for all other relief which they are entitled to and for costs.

The appellee Richard King answered by general denial and appellee J. R. Alamia, temporary administrator of the estate of Luis Solis, deceased, filed a plea to the jurisdiction of the court, alleging the following:

"Comes now J. R. Alamia, Temporary Adminstrator of the Estate of Luis Solis, deceased, and in obedience to the rule of the court made and signed on July 5, 1949, directing this defendant to show cause why he should not be required to turn over to this court funds and property in his hands by virtue of his appointment and qualification as such Administrator, pending the trial of this cause, and would respectfully show unto the court:

"This honorable court is without jurisdiction to grant the relief prayed for:

"a. Because, as is apparent from plaintiffs' petition, the honorable probate court of Hidalgo County, Texas, is already administering the Estate of Luis Solis, deceased, in cause No. 2999 on the docket of the Probate Court of Hidalgo County, Texas, and is a court of competent jurisdiction in Estates of deceased persons, and if this honorable court should attempt to grant the relief prayed for herein, it would be tantamount to ousting the honorable County Court from performing its functions in said Estate.

"b. Because there is a contest filed in said honorable County Court, in said cause No. 2999 on the docket of said Probate Court, wherein the plaintiffs in this cause, with others, are contesting the matter of heirship of Luis Solis, deceased, and praying for the one of the said contestants' choice to be appointed Administrator of said Estate of Luis Solis, deceased, in said cause No. 2999 in the County Court of Hidalgo County, Texas, and in said contest, these plaintiffs have invoked the jurisdiction of said County Court, to grant them administration and establish them, and others, as the sole heirs at law of said Luis Solis, deceased, and are now estopped from trying to oust the jurisdiction of the court whose jurisdiction they voluntarily invited.

"c. Because these plaintiffs have not shown that they have presented their claim to the Administrator of said Estate of Luis Solis, deceased, and the same has been denied, and they have appealed to the district court from a judgment of the said County Court.

"Wherefore, the said J. R. Alamia, Temporary Administrator of the Estate of Luis Solis, deceased, would respectfully show that this honorable Court is not shown to have jurisdiction in this cause, and this suit should abate and be dismissed for want of jurisdiction, and the costs incurred herein be assessed against the plaintiffs, and he so prays."

It will be noted from the pleadings that there is pending a guardianship proceeding in the Probate Court of Willacy County, Texas, as Cause No. 101, in which Luis Solis was guardian of the estate of appellants herein. It is alleged also that said Luis Solis, now deceased, as such guardian came into possession of about $2,900 or $3,000 belonging to appellants. It is further alleged that the said Luis Solis died and administration was taken out on his estate in the Probate Court of Hidalgo County, Texas, the number of said cause being 2999, and that Jose Solis, a brother of Luis Solis, qualified as temporary administrator of the estate of Luis Solis, deceased, J. R. Alamia qualified as temporary administrator of the estat of Luis Solis, deceased, and that appellants and others are contesting the right to administration and as to heirship and are making claim to the estate as heirs at law in said Cause No. 2999 in the Probate Court of Hidalgo County, Texas. No allegations appear in these pleadings that appellants ever presented any claim, either in the guardianship proceedings, No. 101 Willacy County, Texas, or in the administration proceedings, No. 2999, in the Probate Court of Hidalgo County, Texas. The probate proceedings above referred to were pending in said

courts at the time this suit was originally filed in the District Court of Hidalgo County, Texas. There are no allegations in these pleadings that either of said causes now pending in the probate courts has been closed. We are of the opinion that all claims against a deceased person should be presented to the representatives of his estate and that the district court cannot entertain a suit for debt where the administration of decedent's estate is pending and unclosed. The probate court having acquired jurisdiction of an estate, it retains such jurisdiction until the estate is closed, and that jurisdiction is exclusive. The county court is a court of general jurisdiction in probate matters and it has power to adjust and settle all claims against a deceased person. If appellants had presented a claim for the money which they allege J. R. Alamia received as temporary administrator of the estate of Luis Solis to the Probate Court of Hidalgo County, Texas, and such claim had been rejected, then appellants would have the right to appeal to the district court. Ralston v. Stainbrook, Tex.Civ.App., 187 S.W. 413; Putney v. Livingston, Tex.Civ.App., 192 S.W. 259. In Meyer v. Meyer, Tex.Civ.App., 223 S.W. 259, the Court (Pleasants, C. J.) holds that the jurisdiction of the county court in all matters pertaining to the settlement and distribution of an estate which is being administered in such court is exclusive.

In Kennedy v. Pearson, Tex.Civ.App., 109 S.W. 280, 284, the Court says: "The jurisdiction thus conferred is exclusive, and can be exercised by no other court in this state. * * * It must be borne in mind that this jurisdiction is explicitly conferred by the Constitution, and is not derived incidentally from the general probate powers given to the county court."

In the case of Zamora v. Gonzalez, 128 S.W.2d 166, 168, Smith, C. J., of the San Antonio Court of Civil Appeals, holds that the probate court has exclusive original jurisdiction to settle, partition and distribute the estate of a decedent, including the power to determine heirship, and that

when such administration was pending in the probate court the district court was without jurisdiction to take any action in the estate. It is further said in the above cited case: "The rule is now well established in this state that heirs cannot, within the administration period, institute and maintain a suit to recover property belonging to an estate and descending to them, without alleging and proving that there is no administration upon the estate, and no necessity therefor. A petition in such case is subject to general demurrer if it does not contain such allegations; and, especially is it subject to such demurrer where it affirmatively shows a pending administration upon necessity, as in this case. O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060; Richardson v. Vaughn, 86 Tex. 93, 23 S.W. 640; * * *."

In accordance with the above authorities and the Constitution, Art. 5, § 16, Vernon's Ann.St., and Revised Civ.Stats.1925, Art. 3290, giving the County Court original and general jurisdiction over the estates of decedents, probate courts, through administrators in estates, have the right and authority to collect, take charge of, manage and distribute the estates of decedents, and the claimants to any part of such estates should first proceed in those courts for the collection of their claim.

The administrator of an estate has a right to insist that claims against the estate be presented to him, and he has the authority to pass on any issue respecting the correctness of a claim and to approve or reject payment thereof. In this case, if an issue exists as to whether or not the money delivered by Richard King to the administrator is money belonging to the decedent, the county court has authority to determine the issue and any party aggrieved may appeal to the district court.

We are therefore of the opinion that the order of the District Court of the 93d Judicial District of Texas, Hidalgo County, sustaining the plea to the jurisdiction and dismissing appellants' suit is correct, and the judgment of such trial court is affirmed.